IN THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

|  |  |
|---|---|
| THEDERICK SPRINGFIELD, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO:_____ |
| PIKE ELECTRIC, INC. | ) |
| Defendant. | ) |

**COMPLAINT**

## I. INTRODUCTION AND JURISDICTION

1. This is a proceeding seeking legal, equitable and declaratory relief pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.,* and of the Civil Rights Act of 1866 and as amended in 1991, 42 U.S.C. §§ 1981 and 1981a. Plaintiff believes and alleges that he has been demoted because of his race.

2. Jurisdiction is invoked pursuant to 28 U.S.C. §1343, this being a proceeding seeking to enforce rights and remedies secured by the Civil Rights Act, 42 U.S.C. § 1981a. Jurisdiction is also invoked pursuant to 28 U.S.C. §1331.

3. Jurisdiction is further invoked pursuant to 28 U.S.C. §§2201 and 2202, this being a proceeding seeking a declaratory judgment, declaring illegal the acts and

practices of Defendant complained of herein as violative of the rights secured to Plaintiff by 42 U.S.C. §§ 1981 and 1981a.

4. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission, which was designated by EEOC charge number 140-2006-00654. The EEOC has issued plaintiff a right-to-sue letter on this charge. Plaintiff filed this action within ninety (90) days of receipt of the right-to-sue letter and has complied with all jurisdictional requirements of Title VII, and has exhausted all administrative prerequisites to initiating this proceeding.

## II. PARTIES

5. Plaintiff Thederick Springfield ("Plaintiff"), an African American male, is a citizen and resident of Gaston County, North Carolina.

6. Defendant Pike Electric, Inc. ("Defendant") is a North Carolina corporation with is principal office and place of business in Surry County, North Carolina.

## III. FACTS

7. Plaintiff was hired to work for the Defendant on or around April of 2000. Plaintiff initially served as a helper on a two-person lubrication crew for the Defendant. The lubrication crew operated a lube truck for the Defendant, performing lubrication work on various equipment including trucks, trenchers, bucket trucks, underground trucks and trackhoes. Lubrication work is usually performed at the lots of Defendant's primary client, Duke Energy. Although his truck was based at Graham Street in Charlotte, North Carolina, Plaintiff's lubrication crew covered various Duke Energy sites or lots located between Salisbury, North Carolina and Duncan, South Carolina.

8. On or around November of 2000, Plaintiff was promoted to the position of foreman of his lubrication crew. As foreman, he supervised the work of other members of the lubrication crew. Prior to his demotion, Plaintiff supervised helper, Wayne Mitchell, a white male.

9. Throughout the term of his employment with Defendant, and at the time of his demotion, Plaintiff performed his job satisfactorily, including his role as foreman of the lubrication crew. Plaintiff performed his job satisfactorily, despite being denied the same access to Duke Energy lots as was granted to other non-African American foremen and supervisors. Plaintiff has also suffered continuous harassment based on his race, enduring racially-based comments and treatment.

10. On October 21, 2005, Plaintiff's supervisor, Steve Jenkins, a white male, informed him that the Defendant was demoting Plaintiff from foreman to helper. Defendant promoted a less-qualified white male and Plaintiff's former helper, Wayne Mitchell, to serve as foreman of the lubrication crew in Plaintiff's place.

11. Plaintiff filed an EEOC charge on October 27, 2005, challenging his demotion as being based on his race and color.

12. Plaintiff received a right to sue letter from EEOC and is initiating this proceeding within the time allowed by Title VII and the Civil Rights Act of 1866.

### IV. FIRST CLAIM FOR RELIEF—DEMOTION BECAUSE OF RACE

13. Plaintiff re-alleges paragraphs 1 through 12 herein.

14. Defendant subjected Plaintiff to race discrimination by demoting him from foreman to helper of the lubrication crew on account of his race and color. Defendant

promoted a less qualified and less experienced white employee, Wayne Mitchell, to serve as foreman instead of Plaintiff.

15. The above action was taken with the intent and purpose of discriminating against Plaintiff because of his race and color. Defendant's actions were undertaken willfully, wantonly and with reckless disregard for Plaintiff's rights, in violation of Title VII and § 1981.

## V. SECOND CLAIM FOR RELIEF-HOSTILE WORK ENVIRONMENT

16. Plaintiff re-alleges paragraphs 1 through 15 herein.

17. As set forth above, Defendant created and maintained a hostile work environment for plaintiff, based on his race.

18. Plaintiff was subjected to harassment by co-workers and supervisors of Defendant and suffered adverse employment action, including his demotion, as a part of this harassment.

## V. DAMAGES

19. As a result of the discrimination claimed herein, Plaintiff has suffered loss of past, present, and future earnings, loss of fringe benefits, loss of retirement benefits, loss of status, as well as mental anguish and distress and other monetary losses.

20. Defendant's conduct in demoting Plaintiff on the basis of his race and color was willful, wanton and malicious and in reckless disregard of Plaintiff's rights. As a result of Defendant's willful and wanton misconduct, Plaintiff has and continues to suffer damages in an amount to be proven at trial and is entitled to punitive damages.

21. Plaintiff has been and continues to be injured by the Defendant's discriminatory actions, and will continue to be injured until Defendant is enjoined by this Court.

## VI. JURY DEMAND

22. Plaintiff hereby demands a trial by jury of all legal claims asserted herein.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the discrimination alleged herein be remedied in full and that the court, after a jury trial:

(1) Declare the actions complained of herein to be illegal;

(2) Issue an injunction enjoining the Defendant, its agents, employees, successors, attorneys and those acting in concert or participation with the Defendant and at its direction from engaging in the unlawful practices set forth herein and any other employment practice shown to be in violation of Title VII or § 1981;

(3) Award Plaintiff compensatory damages to which he is entitled;

(4) Award the Plaintiff punitive damages to which he is entitled;

(5) Award Plaintiff his cost and expenses in this action, including reasonable attorney fees; and

(6) Grant Plaintiff such other and further relief as may be just and necessary to afford Plaintiff complete relief.

This the 29th day of September, 2006.

        **/s/ GERALDINE SUMTER**
        (NC Bar No.11107)
        BRANDON LOFTON (NC Bar No. 32803)
        Ferguson, Stein, Chambers,
            Gresham & Sumter, p.a.
        741 Kenilworth Avenue, Suite 300
        Charlotte, NC 28204
        Telephone: (704) 375-8461
        Facsimile: (704) 334-5654
        Email: gsumter@fergusonstein.com

        Attorneys for Plaintiff